IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TARIUS D. GANAWAY, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| vs. | ) | Case No. 19-cv-00621-NJR |
|   | ) |   |
| MS. GOLDMAN, | ) |   |
| C/O WINE, | ) |   |
| UNKNOWN PARTY, | ) |   |
| WARDEN, | ) |   |
| CO/ CAREAWAY, and | ) |   |
| C/O DAVIS, | ) |   |
| Defendants. | ) |   |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tarius Ganaway, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while at Menard Correctional Center ("Menard"). Plaintiff alleges deliberate indifference and unconstitutional conditions of confinement resulting from two incidents where he attempted suicide and self-harm. He seeks monetary damages and injunctive relief.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE COMPLAINT

Plaintiff alleges the following:[1] While at Menard, following attempts to mutilate and kill himself, Plaintiff was placed on crisis watch. (Doc. 1, p. 9). Despite telling mental health professional Goldman on multiple occasions that he was still suicidal, on August 15, 2018, Goldman told Corrections Officer Careaway that she was removing Plaintiff from crisis watch. Careaway took Plaintiff off crisis watch and then gave him a food tray with all of the utensils, which is typically given to an inmate not on crisis watch. Plaintiff used the utensils to cut himself, losing large amounts of blood. *Id.* at pp. 9, 12.

A few days later, on or around August 18, 2018, while in a crisis cell, Plaintiff alerted Gallery Officer Wine and Corrections Officer Davis that he wanted to kill himself, and they ignored him. *Id.* at p. 12. Plaintiff covered the window to his cell with a blanket and began to cut himself. At some point, corrections officers asked him to remove the blanket. He refused and told them he was trying to kill himself. The officers then tried to remove the blanket. After a physical struggle with Plaintiff, Officer Wine saw that he was bleeding, but allowed him to replace the blanket. Plaintiff continued cutting himself. *Id.* Hours later, Plaintiff received medical attention and then was stripped and placed naked in a dirty cell. For five days he did not have a bed, blanket, water, or a working toilet. *Id.* at p. 7. He also was not allowed to shower for twenty days. *Id.* at 12.

## PRELIMINARY MATTERS

As an initial matter, Plaintiff's request for injunctive relief must be dismissed. (*See* Doc. 1, p. 10). First, to the extent he is requesting injunctive relief regarding the treatment received at Menard, Plaintiff's Complaint (Doc. 1, p. 1) indicates that he is now incarcerated at Dixon

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarasse,* 886 F.3d 639, 644 (7th Cir. 2018).

2

Correctional Center, and thus his need for relief from the alleged unconstitutional treatment at Menard is moot. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004). Second, to the extent he is requesting injunctive relief against IDOC—that IDOC stop providing inmates poor mental health services— IDOC is not listed in the case caption as a defendant. Any claims against IDOC are dismissed without prejudice, because the Court will not treat parties not listed in the caption as defendants. *See Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005). For these reasons, Plaintiff's request for injunctive relief is denied without prejudice.

### DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following three Counts:

> **Count 1:** Eighth Amendment claim against Goldman and Careaway for failure to protect and deliberate indifference to Plaintiff's risk of self-harm and suicide on August 15, 2018.
>
> **Count 2:** Eighth Amendment claim against Wine, Davis, and Unknown Party ("Unknown Lieutenant") for failure to protect and deliberate indifference to Plaintiff's risk of self-harm and suicide on or around August 18, 2018.
>
> **Count 3:** Eighth Amendment claim against Goldman, Warden of Menard, and the Orange Crush Supervisor for cruel and unusual conditions of confinement following his suicide attempt on or around August 18, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

---

[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This includes Plaintiff's claims that his rights under the Fourteenth Amendment were violated (Doc. 1, pp. 7, 8) and that he was threatened by Defendant Goldman (Doc. 1,

## Counts 1 and 2

Suicide, attempted suicide, and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety and may provide the foundation for deliberate indifference to medical needs and failure to protect claims. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (quoting *Sanville v. McCaughtry,* 266 F.3d 724, 733 (7th Cir. 2001)). Where the harm at issue is a suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins,* 462 F.3d at 761 (citations omitted).

Plaintiff's claim that Goldman and Careaway removed him from suicide watch and supplied him with utensils, despite knowing that he was still having suicidal thoughts, is sufficient at this early stage for Count 1 to proceed against Goldman and Careaway for deliberate indifference.

Additionally, Plaintiff's allegations regarding his suicide attempt on or around August 18, 2018, are sufficient to proceed with a claim of deliberate indifference against Wine and Davis, but not as to Unknown Lieutenant. Plaintiff is not required to know the names of individual defendants, but he must describe the "who, what, why, where, and how" that forms the basis of the claim against that person. Plaintiff claims that Unknown Lieutenant violated his Eighth and Fourteenth Amendment rights by knowing that he was hurting himself and then did nothing to protect him or provide medical attention. (Doc. 1, p. 8). He does not, however, provide any other supporting facts regarding Unknown Lieutenant's conduct or involvement in the alleged constitutional violations. Unknown Lieutenant is also not mentioned in the more detailed grievance attached to the

---

p. 12). Other than conclusory statements, Plaintiff does not provide any factual allegations to support these claims. *See Ashcroft v. Iqbal,* 556 U.S. 661, 678 (2009).

Complaint. In the grievance, Plaintiff describes the events that occurred on or around his August 18, 2018, suicide attempt and claims that Officers Wine and Davis ignored Plaintiff when he told them that he was having suicidal thoughts, and then, even after Officer Wine saw that Plaintiff was bleeding, they allowed him to remain in his cell continuing to cut himself. (Doc. 1, pp. 8, 12). When a plaintiff does nothing more than suggest a "sheer possibility" that someone harmed him, he has not done enough to state a claim against a defendant. *Ashcroft,* 556 U.S. at 678. For these reasons, Count 2 will proceed against Wine and Davis but will be dismissed without prejudice as to Unknown Lieutenant.

**Count 3**

Plaintiff's claims regarding the cruel and unusual conditions of confinement following his attempted suicide on or around August 18, 2018, against Goldman, Warden of Menard, and the Orange Crush Supervisor do not survive screening. Plaintiff alleges that defendants either forced him to endure the unconstitutional conditions *or* had knowledge that he was being kept in unconstitutional conditions. (Doc. 1, p.7). As previously mentioned, because Plaintiff has done nothing more than suggest a "sheer possibility" that defendants harmed him, he has not done enough to state a claim against these defendants. *Ashcroft,* 556 U.S. at 678. To the extent that Plaintiff is attempting to hold defendants liable because they are in supervisory positions, this claim fails as well. A defendant cannot be liable merely because he or she supervised a person who caused a constitutional violation. *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Finally, any claims against the Orange Crush Supervisor will be dismissed, because this defendant is not listed in the case caption. *See Myles,* 416 F.3d at551-52. For these reasons, Count 3 will be dismissed in its entirety.

## RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff states that he and others helping him have sent requests to attorneys seeking representation, but only one attorney has responded. He has not, however, provided the Court with copies of the letters sent, a list of the attorneys he has attempted to contact, or the written responses. Accordingly, he has not demonstrated reasonable efforts to retain counsel on his own. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

**IT IS ORDERED** that **Count 1** shall proceed against **GOLDMAN** and **CAREAWAY**. **Count 2** shall proceed against **WINE** and **DAVIS** and is **DISMISSED** without prejudice as to **UNKNOWN PARTY**. **Count 3** is **DISMISSED** without prejudice.

Because there are no other claims against the **WARDEN** and **UNKNOWN PARTY**, these defendants are **DISMISSED** without prejudice from the action. The Clerk of Court is **DIRECTED** to terminate these defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk of Court shall prepare for Defendants **GOLDMAN, CAREAWAY, WINE,** and **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 16, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.