IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIUS D. GANAWAY, #M08848,       Plaintiff, v. C/O WINE, C/O CAREAWAY, C/O DAVIS, and DR. LISA GOLDMAN,       Defendants. | Case No. 19-cv-00621-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on a motion to set aside default judgment filed by Dr. Lisa Goldman (Doc. 30). On October 9, 2019, a waiver of service was issued on Plaintiff Ganaway's Complaint to Dr. Lisa Goldman (Doc. 19). Dr. Goldman returned the waiver on October 29, 2019, and her Answer was due on December 9, 2019 (Doc. 23). She failed to file an Answer. Ganaway filed a Motion for Entry of Default against Dr. Goldman on January 30, 2019 (Doc. 26). The Court granted the motion and directed that default be entered against Dr. Goldman (Doc. 27). The following day, Dr. Goldman filed the pending motion to set aside the default (Doc. 30). Ganaway filed a Motion for Default Judgment on February 3, 2020, arguing that because default has been entered and Dr. Goldman is not in the military, default judgment should be entered (Doc. 32).

    Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious

defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express*, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Dr. Goldman has met the standard for vacating the entry of default. Specifically, she has shown good cause because she sought counsel, but due to a clerical error— as she is no longer employed by the Illinois Department of Corrections—counsel was not assigned by the Attorney General and an answer was not timely filed. Dr. Goldman acted quickly to resolve the issue because counsel filed the motion to set aside default the next day after default was entered by the Clerk. Dr. Goldman is reviewing the merits of the case and requests further seeks additional time to review the allegations and file a responsive pleading.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Dr. Goldman has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default Judgment (Doc. 30). The Entry of Default (Doc. 28) is **VACATED**. The Motion for Default Judgment (Doc. 32) filed by Ganaway is **DENIED**. Dr. Goldman is **GRANTED** leave to file an answer to the Complaint by **July 1, 2020**.

**IT IS SO ORDERED.**

DATED:   June 10, 2020

                                                                          _____
                                                                          **NANCY J. ROSENSTENGEL**
                                                                          **Chief U.S. District Judge**