IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIUS D. GANAWAY, #M08848, <br><br>  Plaintiff, <br><br> v. <br><br> CALE WINE, *et al.*, <br><br>  Defendants. | Case No. 19-cv-00621-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Response in Opposition to the Motion for Protective Order filed by Plaintiff Ganaway. (Doc. 43). Ganaway filed this action pursuant to 42 U.S.C. § 1983 against Defendants for failure to protect and deliberate indifference to his risk of self-harm and suicide in violation of the Eighth Amendment. (*See* Doc. 8). On July 1, 2020, the Court entered an Initial Scheduling Order establishing the deadlines for initial disclosures and summary judgment motions on exhaustion of administrative remedies. (Doc. 40). As part of initial disclosures, Ganaway was directed to produce to Defendants a signed release for medical records, and Defendants were to produce copies of relevant medical records. Defendants filed a motion asking the Court to enter a protective order to prevent unauthorized disclosure of Ganaway's protected health information (Doc. 41), and the motion was granted (Doc. 42). Ganaway then filed a response opposing the motion. (Doc. 43). In his response, he states that granting the motion prohibits him from using his health information as he chooses. Ganaway further

argues that the Health Insurance Portability and Accountability Act applies only when the health information of both parties is requested, and Defendants are not being required to produce their personal health records. He states he waives HIPAA protections and does not seek Defendants' medical records, and thus, he asks the Court to deny the motion.

Although the Court has already issued a HIPAA Qualified Protective Order (Doc. 42) in this case, due to Ganaway's response in opposition, the Court finds it necessary to further explain the purpose and applicability of the Order. The Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.508(a)(1), prohibits the release of health information by health care entities to someone other than the patient without the patient's consent. There are exceptions, however, to this general rule. Section 164.512(e) creates "a procedure for obtaining authority to use medical records in litigation." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925–926 (7th Cir. 2004); *United States v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007). A health care entity ("covered entity") may "disclose private health information in judicial or administrative proceedings" to someone other than the patient when the party seeking the information has secured a qualified protective order. 45 C.F.R. § 164.512(e)(1).

The purpose of the HIPAA Qualified Protective Order is to allow disclosure of Ganaway's protected health information to parties in this case and, at the same time, protect his information. The HIPAA Qualified Protective Order prohibits individuals involved in this case from using or disclosing Ganaway's protected health information, obtained without his written authorization, "for any purpose other than the litigation…"

*Id.* The HIPAA Qualified Protective Order does not prohibit Ganaway's ability to inspect and obtain copies of his own protected health information, *see* 45 C.F.R. § 164.524 and 740 ILCS 110/4(a)(2), or limit his ability to share his own protected health information. *See Phernetton v. McDonald's,* No. 2:13-cv-00487-APR, 2014 WL 3928407, at *7 (N.D. Ind. Aug. 12, 2014) (discussing Plaintiff's opposition to respond to discovery and noting that "HIPAA prevents medical providers from turning over medical records but does not stop [Plaintiff] from doing so."). Furthermore, HIPAA does not require both parties' medical information to be at issue in the case for the Court to enter a qualified protective order.

As a qualified protective order is a necessary part of litigation when a plaintiff's health care is at issue, the Court does not find that the Motion for Protective Order was filed by Defendants as a stall tactic, and the HIPAA Qualified Protective Order remains in effect.

**IT IS SO ORDERED.**

**DATED:   September 1, 2020**

                                           *s/ Nancy J. Rosenstengel*
                                           **NANCY J. ROSENSTENGEL**
                                           **Chief U.S. District Judge**